UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE RAFAEL CASTRO-LINO,

         Petitioner,

v.

RON HAYNES,

         Respondent.

CASE NO. 3:19-cv-05405 BHS-JRC

ORDER DENYING
APPOINTMENT OF COUNSEL

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. §§ 636(b)(1)(A) and (B) and local Magistrate Judge Rules MJR 3 and MJR 4. Before the Court is petitioner's motion for appointment of counsel. *See* Dkt. 16.

Although indigent defendants in criminal cases are entitled to appointed counsel, there is no right to appointed counsel in habeas proceedings unless an evidentiary hearing is required or unless appointed counsel is necessary for the effective use of discovery procedures. *See Terrovona v. Kincheloe*, 912 F.3d 1176, 1181 (9th Cir. 1990); Rules Governing Habeas Corpus Cases Under Sec. 2254, Rule 8(c). The Court may request an attorney to represent indigent civil

litigants under 28 U.S.C. § 1915(e)(1), but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the [petitioner] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, the Court has not ordered an evidentiary hearing or provided for discovery in this case, so that petitioner does not have a right to appointed counsel. As for whether the exceptional circumstances necessary to justify appointing counsel under § 1915(e) exist in this matter, petitioner's grounds for relief are straightforward legal claims that rely on the record from the state court proceedings. Petitioner has so far been able to adequately articulate his grounds for relief and other requests in such a way that the Court can understand him.

Petitioner argues that counsel should be appointed because he is untrained in the law with limited law library access and cannot present this action "in the manner of a professionally trained attorney." Dkt. 16, at 1. However, circumstances that are common to most petitioners requesting the appointment of counsel—such as a lack of legal training—do not constitute "exceptional circumstances." *See Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990).

Regarding a likelihood of success on the merits, petitioner's reiteration of one of the grounds in his petition does not establish a likelihood of success at this early stage in the proceeding. The Court notes that after petitioner requested the appointment of counsel, the Court requested additional briefing from respondent—who did not separately address one of petitioner's grounds for relief—as well as the trial transcript in this matter. *See* Dkt. 17.

However, the request for the complete record and a complete answer to the petition do not establish a likelihood of success on the merits in this matter.

Therefore, petitioner's motion for counsel (Dkt. 16) is denied without prejudice. Petitioner may again request counsel if he is able to show the exceptional circumstances necessary to warrant the appointment of counsel.

Dated this 21st day of October, 2019.

J. Richard Creatura
United States Magistrate Judge