UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE R. CASTRO-LINO,

        Petitioner,

v.

RON HAYNES,

        Respondent.

CASE NO. 3:19-cv-05405-BHS-JRC

ORDER GRANTING MOTIONS TO AMEND AND TO FILE EXCESS PAGES

The District Court has referred this matter under 28 U.S.C. § 2254 to the undersigned as authorized by 28 U.S.C. § 636(b)(1)(A) and Local Magistrate Judge Rules 3 and 4.

This matter is before the Court on petitioner's motion to amend his petition and motion for leave to file excess pages. *See* Dkts. 23, 24. The operative petition lists five grounds for relief—alleged error in the denial of a motion for a new trial and ineffective assistance of counsel for failure to elicit testimony from petitioner in support of his motion for a new trial, failure to object to various instances of alleged prosecutorial misconduct, and failure to call a defense witness. *See* Dkt. 3. Petitioner seeks to add two new grounds related to alleged prosecutorial

misconduct and failure to call an expert witness. *See* Dkt. 24-1, at 50, 52. Petitioner has filed his proposed amended habeas petition, and respondent has no objection to allowing the amendment. *See* Dkts. 24, 26.

Where, as here, the government has filed an answer or other response, a petitioner may not amend the petition without the court's leave or the respondent's consent. *See Mayle v. Felix*, 545 U.S. 644, 665–66 (2005). Leave to amend is generally freely given, although the Court may deny leave to amend if the proposed amendment is futile or unlikely to be productive. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2nd Cir. 1993).

Here, petitioner's new grounds for relief overlap with his original grounds, and respondent has made no argument that the amendment would result in prejudice, cause undue delay, or was requested in bad faith. Therefore, having considered petitioner's motions and the remainder of the record, the Court will grant petitioner's motion for leave to amend and for excess pages. Dkt. 24-1 shall be docketed as the operative petition in this matter. Because an amended petition is a complete substitute for an original petition, petitioner is cautioned that his amended petition completely replaces his original petition and he should not cite or refer to his original petition.

Respondent shall file an amended answer on or before **March 16, 2020**. The answer will be treated in accordance with LCR 7. Accordingly, on the face of the answer, respondent shall note it for consideration on the fourth Friday after filing. Petitioner may file and serve a response not later than the Monday immediately preceding the Friday designated for consideration of the matter, and respondent may file and serve a reply not later than the Friday designated for consideration of the matter.

The Clerk's Office shall strike the current noting date for the habeas petition and shall send copies of this Order to petitioner and to respondent's counsel.

Dated this 30th day of January, 2020.

*J. Richard Creatura*
J. Richard Creatura
United States Magistrate Judge