UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE R. CASTRO-LINO,<br><br>      Petitioner,<br><br>  v.<br><br>RON HAYNES,<br><br>      Respondent. | CASE NO. 3:19-cv-05405-BHS-JRC<br><br>REPORT AND RECOMMENDATION ON MOTION TO STAY AND ABEY<br><br>NOTED June 12, 2020 |

  The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

  This matter is before the Court on plaintiff's motion for a stay pending exhaustion of certain of his grounds for relief. *See* Dkt. 32. Respondent opposes the motion and requests that the Court rule on the habeas petition in due course, without a stay. Dkt. 33.

1     The Court recommends[1] denying the motion to stay and abey because a return to state court to litigate the unexhausted grounds would be fruitless. If the District Court agrees with the Report and Recommendation, it should re-refer the matter to the undersigned for a report and recommendation on the merits.

## BACKGROUND

    Petitioner, who is currently incarcerated at Stafford Creek Corrections Center, filed this matter in May 2019, challenging the validity of a Clark County Superior Court conviction for which he is currently incarcerated. *See* Dkt. 3, at 1. Petitioner asserts five grounds for relief: (1) error in denying a motion for a new trial, (2) ineffective assistance of trial counsel for his attorney to fail to elicit certain testimony from him at the hearing on his motion for a new trial, (3) ineffective assistance of trial counsel for failure to object to instances of alleged prosecutorial misconduct, (4) ineffective assistance of trial counsel for failure to call a witness, and (5) ineffective assistance of trial counsel for failure to object to instances in which the prosecutor allegedly misstated the law and lowered the prosecution's burden of proof. *See generally* Dkt. 3, 24-1. The Court granted plaintiff leave to amend his petition to include additional grounds of ineffective assistance of counsel for (6) failure to object to alleged prosecutorial misconduct and (7) failure to call an expert witness. *See* Dkt. 24-1. The pending motion concerns grounds (1) and (2). *See* Dkt. 3, at 5, 7.

---

[1] Petitioner's motion to stay must be decided by a District Judge. *See Mitchell v. Valenzuela*, 791 F.3d 1166 (9th Cir. 2015) (holding that Magistrate Judges do not have jurisdiction to rule on a motion to stay and abey that is dispositive as to the unexhausted claims).

REPORT AND RECOMMENDATION ON MOTION
TO STAY AND ABEY - 2

1    After conducting a preliminary review of the petition, the Court directed service, and
2    respondent filed the Answer and state court record of proceedings. *See* Dkts. 8, 14, 15. The
3    amended petition became ripe for consideration on May 8, 2020. *See* Dkt. 31. Petitioner has not
4    filed a response to the Answer and has instead requested a stay of this matter for him to exhaust
5    grounds (1) and (2) in state court. *See* Dkt. 32.

**DISCUSSION**

8    Petitioner requests to be allowed a stay of this matter to exhaust claims (1) and (2) so that
9    he may return to state court to exhaust those claims. *See* Dkt. 32, at 1. Respondent opposes the
10   request on the basis that returning to state court would be futile. *See* Dkt. 33. The Court should
11   agree with respondent, as set forth below.

12   The Court has discretion to hold a habeas petition in abeyance, but it may do so only in
13   "limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A stay is appropriate only
14   where (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims
15   are potentially meritorious," and (3) "there is no indication that the petitioner engaged in
16   intentionally dilatory litigation tactics." *Mitchell v. Valenzuela*, 791 F.3d 1166, 1171 (9th Cir.
17   2015) (citing *Rhines*, 544 U.S. at 277–78).

18   As respondent argues and as the Court has previously ruled, claims are not potentially
19   meritorious if they would clearly be barred in state court. *See Pena v. Uttecht*, No. C17-1918
20   RSM, 2019 WL 2716168, at *1 (W.D. Wash. June 28, 2019). Here, petitioner's claims brought
21   in a collateral challenge are now time-barred in state court. "No petition or motion for collateral
22   attack on a judgment and sentence in a criminal case may be filed more than one year after the

1 judgment becomes final if the judgment and sentence is valid on its face and was rendered by a

2 court of competent jurisdiction." RCW 10.73.090(1).

3       Petitioner's judgment and sentence became final in November 2017, when the Court of

4 Appeals issued its mandate on direct review. *See* Dkt. 15-1, at 232. Grounds (1) and (2) do not

5 assert any of the arguments that are exceptions to the one-year time limit. *See* RCW 10.73.100.

6       Separately from the time-bar, petitioner's collateral attack would also be barred by the

7 rule against successive petitions. *See* RCW 10.73.140 ("If a person has previously filed a

8 petition for personal restraint, the court of appeals will not consider the petition unless the person

9 certifies that he or she has not filed a previous petition on similar grounds, and shows good cause

10 why the petitioner did not raise the new grounds in the previous petition."). Petitioner previously

11 filed a personal restraint petition in state court. *See* Dkt. 15-1, at 234.

12       Petitioner argues that he has shown that he could bring a collateral challenge in state

13 court because the Washington State Governor issued executive proclamations temporarily

14 suspending the one-year time bar in RCW 10.73.090. Dkt. 34 (citing Proclamations by the

15 Governor 20-05, 20-06, 20-47[2]). However, only one of these proclamations concerns the one-

16 year time bar in RCW 10.73.090. That proclamation suspends RCW 10.73.090 until May 14,

17 2020, and is therefore no longer in effect. *See* Office of the Governor, Washington State,

18 Governor's Proclamation 20-47, Criminal Justice – Limitation of Actions (April 14, 2020). Nor

19 has the Governor issued any subsequent proclamations extending the suspension. Finally, even

20 if the time-bar were still suspended, as noted above, petitioner's collateral challenge is separately

21 barred by the rule against successive petitions. *See* RCW 10.73.140

---

24 [2] *Available at* https://www.governor.wa.gov/office-governor/official-actions/proclamations.

1     As there is no avenue by which petitioner could obtain state-court review of the claims at issue here, the Court recommends that his motion to stay and abey (Dkt. 32) be denied and that this matter be re-referred to the undersigned for resolution of the merits of petitioner's habeas petition.

    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on **June 12, 2020**, as noted in the caption.

    Dated this 28th day of May, 2020.

_____
J. Richard Creatura
United States Magistrate Judge